UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY J ONETO,<br><br>  Plaintiff,<br><br>  v.<br><br>MELVIN WATSON, et al.,<br><br>  Defendants. | Case No. 3:22-cv-05206-WHO<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

Plaintiff Roy Oneto filed this underlying action in state court, asserting several claims against his insurance providers for failing to cover a medical operation. One named defendant, Melvin Watson, removed the case to federal court. Oneto filed a motion to remand, asserting that the removal was improper for various reasons but not contesting jurisdiction. None of the reasons has merit, and his motion is denied.

**BACKGROUND**

Oneto's initial complaint was filed on December 9, 2021, against Cigna Health and Life Insurance Company, Cigna Health Management Inc., Melvin Watson, M.D., and Does 1 through 100. *See* Notice of Removal ("Rem.") [Dkt. No. 1] Ex. A. Oneto sent Scott Klausner, attorney for the Cigna entities, a courtesy copy of the complaint on December 10, 2021. *See* Motion to Remand ("Mot.") [Dkt. No. 10] Ex. 1. Oneto served Cigna Health and Life Insurance Company and Cigna Health Management Inc. on February 2, 2022. Rem. Exs. C, D.

On March 21, 2022, Klausner said in an email to Oneto's counsel, "I have concerns about the claims asserted against Dr. Watson individually." Mot. Ex. 3. In a separate email that day he acknowledged his firm represented the Cigna entities and said, "I imagine we will also represent Dr. Watson, but I don't have that confirmed yet. . . . I'll have to await confirmation regarding our representation of Dr. Watson as to those issues." *Id.* On April 20, 2022, Klausner informed

Oneto's counsel that he was "still waiting on word" with respect to whether his firm would represent Watson. Opposition to Remand ("Oppo.") [Dkt. No. 12] Ex. 1.

On April 25, 2022, Oneto served Klausner via an amended complaint, substituting in Cigna Healthcare of Texas, Inc. ("Cigna Texas"), and "Melvin Watson in his capacity as Cigna Healthcare of Texas Vice President and Medical Director." Mot. Ex. 4-5. The following day, Klausner sent an email to Oneto's counsel saying, "I don't understand the substitution of Dr. Watson for Doe 31. Dr. Watson was named as a defendant in the original complaint, so he's already a party." Oppo. Ex. 1. Oneto's attorney responded, "The amendments address your concern regarding the suit against Dr. Watson as an 'individual.'" *Id.* Klausner replied, "I'm not sure I follow. It seems to me that you've now sued the same defendant twice," and then: "In any event, it looks like Dr. Watson may have separate counsel and will not be represented by [Klausner's firm] Cole Pedroza. I'll confirm shortly once a final decision is made." *Id.*

Klausner informed Oneto's counsel via email on May 3, 2022, that Watson would have alternative representation. Oppo. Ex. 1.

On August 4, 2022, Cigna Texas was served. Mot. Ex. 6. And on August 13, 2022, "Melvin Watson, MD., VP-Medical Director for Cigna Healthcare of Texas, Inc." was served with the summons, complaint, exhibits, amended complaint, notice of remot appearance, and notice of intent to sue. Mot. Ex. 7 at Crisp Ex. 2; *see also* Mot. Ex. 7 ¶¶ 4-5 (stating Watson was served "as the 'Agent for service of process' on behalf of Melvin Watson, MD., VP-Medical Director for Cigna Healthcare of Texas, Inc.").

On September 8, 2022, Watson filed an answer in state court, *see* Mot. 4:3-7, and four days later removed the case to federal court. *See* Rem. On October 10, 2022, Oneto filed this motion to remand, *see* Mot. Under Civil Local Rule 7-1(b), I found this matter appropriate for resolution without oral argument and vacated the hearing scheduled for November 21, 2022. *See* Dkt. No. 14.

## LEGAL STANDARD

Generally, a case can only be removed from state to federal court when the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a)(1),

2

federal diversity jurisdiction exists when each plaintiff is a citizen of a different state from each defendant and the amount in controversy exceeds $75,000. Natural persons are the citizens of the state in which they are domiciled—that is, the state in which they reside with intent to remain permanently. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

"[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 764 (9th Cir. 2022) (quoting *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). "The defendant has the burden of proving by a preponderance of the evidence that the requirements for removal jurisdiction have been met." *Id.* at 746 (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014)). Removability is "generally determined as of the time of the petition for removal." *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988).

As relevant here, 28 U.S.C. § 1446(b)(1) provides that a "notice of removal of a civil action or proceeding shall be filed . . . within 30 days after the service of summons upon the defendant."

## DISCUSSION

As a preliminary matter, Oneto does not contest that I have diversity jurisdiction over this case, given that the amount in controversy is over $75,000 and he is a citizen of California while Watson is a citizen of Georgia, Cigna Texas is a citizen of Texas, and the other two Cigna entities are citizens of Connecticut. *See* Rem. ¶ 7; 28 U.S.C. § 1332(a). Rather, he asserts that removal was improper for three reasons. None is convincing. I address each in turn.

### I. Diversity Based on the Face of the Complaint

Oneto first argues that the case was improperly removed to federal court because no facts "on the face of the complaint" support diversity jurisdiction since there are no facts showing Watson's domicile. Mot. 4:14-6:13. This argument lacks merit.

As the defendants point out, Oneto selectively cites portions of *Harris v. Bankers Life and Casualty Company*, 425 F.3d 689 (9th Cir. 2005), as support for his argument. The Ninth Circuit in *Harris* held that defendants do not have a "duty to investigate" diversity citizenship upon

1  service of the complaint if the facts of diversity are not clear on the face of the complaint. *Id.* at

2  694-96. In other words, *Harris* stands for the proposition that the thirty-day period for removal

3  does not begin to run unless the basis of diversity citizenship is clear on the face of the complaint,

4  but it does *not* preclude a defendant from removing the complaint based on additional

5  investigation to confirm the basis for removal. This interpretation was confirmed by the Ninth

6  Circuit in *Roth v. Hollywood Medical Center, L.P.*, which explained:

> *Harris* did not address a case in which a defendant conducted its own investigation, even though not required to do so, and discovered that a case was removable. We conclude that [28 U.S.C.] §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines. . . . **[A plaintiff should not] be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own.** Similarly, a plaintiff's ignorance of the citizenship of [defendants] should not defeat removal if defendant independently knows or learns that information.

720 F.3d 1121, 1125 (emphases added); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140-41 (9th Cir. 2013) (confirming that the purpose of *Harris* was "[t]o avoid saddling defendants with the burden of investigating jurisdictional facts" and to protect defendants from having to remove a case before "they've received a paper that gives them enough information to remove" (citation omitted)); *Bryant v. Bar Louie Anaheim Inc.*, No. SA-CV-100906-DOC-AJWx, 2010 WL 11595816, at *2 (C.D. Cal. Aug. 13, 2010) ("*Harris* . . . did not deal with the question of whether defendants *may* rely on facts outside the four corners of a complaint in order to remove a case to federal court. Rather, *Harris* pertained only to the issue of whether defendants were *required* to affirmatively investigate ambiguous complaints in order to be deemed not to have waived their right to removal within thirty days.").

Here, as in *Roth*, the defendants were not precluded from investigating beyond the face of the complaint to determine the existence of diversity jurisdiction, even though Watson's domicile was not included in the facts. Any other finding would create the perverse result of allowing plaintiffs to avoid removal merely by refusing to state the parties' citizenship or the amount in controversy in their complaint. Even if Oneto was unaware of Watson's citizenship when he filed the complaint, his ignorance is insufficient to defeat diversity. *See Roth*, 720 F.3d at 1125. And

United States District Court
Northern District of California

4

here, where Oneto does not otherwise contest that the diversity and amount in controversy requirements are met, the removal was proper under 28 U.S.C. § 1446.

## II. Date of "Notice" and Service

Oneto and Watson also contest when and whether Watson was served, and how that affects the timeliness of Watson's removal notice. Oneto first contends that Watson had "notice" of the lawsuit of the lawsuit on April 25, 2022, when his counsel emailed Cigna's counsel Klausner a copy of the amended complaint, which added Watson in his capacity as VP of Cigna Texas. *See* Mot. 6:24-7:3. Watson asserts that the attorney who received the email was not Watson's attorney and could not receive service on his behalf. Oppo. 4:6-16. Watson says he was actually served on August 13, 2022, which was within thirty days of his filing for removal, as permitted by the removal statute. *See* Mot. Ex. 7 at Crisp Ex. 2. In turn, Oneto says he served Watson as VP of Cigna Texas, but not Watson in his individual capacity, and because Watson as an individual was never served, the removal notice by Watson as an individual was improper.

### A. April Notice

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). California Rule of Court 1.21(a) provides, "Whenever a document is required to be served on a party, the service must be made on the party's attorney if the party is represented." California Rule of Court 2.251(b) permits electronic service by express consent.

The parties do not contest that service of the amended complaint via email to Klausner was appropriate to serve the Cigna entities that had previously been served with the initial complaint. Watson argues that the email also served Watson as VP of Cigna Texas because Klausner had authority to represent Watson, as Klausner "ha[d] at all relevant times advocated for Dr. Watson, and implied or held himself out to be the attorney for Dr. Watson." Mot. 3:21-22.

But Klausner never confirmed that he represented Watson, either as an individual or as the VP of Cigna Texas. Oneto's counsel received several emails where Klausner stated he thought his firm might represent Watson but would confirm when he knew. *See* Mot. Ex. 3; Oppo. Ex. 1. As

1  of April 25, 2022, when Klausner was served with the amended complaint, he had not confirmed
2  that he represented Watson—or could receive service on Watson's behalf—and in response to the
3  email told Oneto's counsel that Watson was finalizing representation with a different attorney. *see*
4  *See* Oppo. Ex. 1.  On May 3, Klausner confirmed that Watson would be represented by a separate
5  firm. *Id.*  Therefore when Klausner received the amended complaint on April 25, and indeed
6  when he was sent a courtesy copy of the original complaint that named Watson in his individual
7  capacity in December 2021, he was not Watson's attorney and was not authorized to accept
8  service on his behalf.  Serving Klausner with any of these documents did not constitute service of
9  process on Watson—in any capacity—under the California Rules of Court.  Thus, the clock for
10 filing the removal notice did not begin to run on April 25, 2022.

11  Klausner filed the removal notice and the opposition to the present motion on behalf of
12 Watson in this court. *See* Rem.; Oppo.  While the opposition states that another attorney will
13 represent Watson going forward, Oppo. at 4 n.2, it is clear that *at this point* Klausner is Watson's
14 attorney, and therefore under California law is *now* authorized to accept service on his behalf. *See*
15 Cal. R. Ct. 1.21(a).  But unless Oneto could show that Klausner was authorized to accept service
16 in April, which he has not done, the amended complaint was not properly served on Watson on
17 that date.

18 **B. August Service**

19  Under California law, "[a] general appearance by a party is equivalent to personal service
20 of summons on such party." Cal. Civ. Proc. Code § 410.50(a).  And, "[a] defendant appears in an
21 action when the defendant answers." Cal. Civ. Proc. Code § 1014.

22  Even if Oneto is correct that Watson as an individual had to be served separately from
23 Watson as VP of Cigna—which is very doubtful—and that Watson filed the notice of removal in
24 his individual capacity, Watson as an individual effectively waived service by appearing in the
25 state court proceeding and filing his answer on September 8, 2022. *See* Mot. 4:3-7; Cal. Civ. Proc.
26 §§ 410.50(a), 1014.[1]  Regardless of whether Watson as an individual had to be separately served,

---

[1] Oneto does not cite any authority for this theory of double service and I am not aware of any.
But because notice was timely anyway, I will not address it further.

6

1  the removal notice was proper because Watson as an individual appeared in state court and so
2  could properly remove the case.  And removal was timely because the notice was filed within four
3  days of Watson's appearance.

### III.     Defective Removal Notice

Oneto also asserts that removal was procedurally improper because Watson failed to attach the summons and the amended complaints to his removal notice.  Mot. 9:2-10:15.  He is technically accurate: the procedural requirements for removing a case to federal court require filing a signed notice of removal, a "short and plaint statement of the grounds for removal," and "a copy of all process, pleadings, and orders served upon such defendant . . . in such action."  28 U.S.C. § 1446(a).  But "it is within [the district court's] discretion to determine whether" procedural defects of failing to attach the proper documents to a Notice of Removal "merit remand."  *Higgins v. Am. Bottling Co.*, No. CV 22-5351 JGB (KKX), 2022 WL 13811816, at *11 (C.D. Cal. Oct. 21, 2022) (first citing *Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d 782, 785 (9th Cir. 1992); and then citing *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995)).  The Ninth Circuit has stated that district courts have discretion to deny remand if procedural defects may be cured, so long as defendants are given the opportunity to—and do—cure the defect.  *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 970 (9th Cir. 2022) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." (citation omitted)); *W. Chance No. 2, Inc. v. KFC Corp.*, 957 F.2d 1538, 1540 n.3 (9th Cir. 1992) (finding that the district court "could allow [the defendant] to cure" its "failure to attach [a] document" to its notice of removal (citing 28 U.S.C. § 1446)).

Watson admits that he attached the wrong copy of the summons to his notice of removal.  *See* Oppo. At 6 n.3.  He also says that he did not attach the amended complaint to his removal notice because he had not been served with the amended complaint.  *See id.* at 6:4-6.  But the summons attached to Oneto's Motion to Remand, which Watson concedes is accurate, *see id.* at 6 n.3, shows that Watson *was* served with the amended complaint, a fact confirmed by the declaration of the process server, *see* Mot. Ex. 7 at Crisp Ex. 2 (noting Watson was served copies

7

of the summons, complaint, and "Amendment-Fictitious Name"); *see also id.* at ¶ 4 ("On August 13, 2022, at 10:00 a.m., I personally served Melvin Watson as the 'Agent for service of process' on behalf of Melvin Watson, MD., VP-Medical Director for Cigna Healthcare of Texas, Inc., with copies of the summons and complaint and other documents, *including amendments to plaintiff's complaint*, one of which reflects the *inclusion of defendant Melvin Watson, MD., VP-Medical Director* for Cigna Health Care of Texas, Inc." (emphases added)).  Watson received the amended complaint and so was required to attach it to the removal notice as well.

That said, the failure to attach the amendment complaint and the proper summons does not mandate remand.  *See Higgins*, 2022 WL 13811816, at *11.  It is easily cured.  Watson has ten days from the issuance of this order to file the correct documents with this court.  If he fails to do so, this case will be remanded to state court.

## CONCLUSION

For the foregoing reasons, the motion for remand is DENIED.

**IT IS SO ORDERED.**

Dated: November 18, 2022



William H. Orrick
United States District Judge