(SPACE BELOW FOR FILING STAMP ONLY)

**EDWARD A. QUESADA**
ATTORNEY AT LAW
A PROFESSIONAL CORPORATION
108 PINEWOOD PLACE
GLENDORA, CA 91741-3640
TEL. (818) 476-7642
FAX (626) 594-0311

STATE BAR NO. 152910
QuesadaLawFirm@gmail.com

Attorney for Plaintiff, Roy J. Oneto,

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| ROY J. ONETO, an Individual, | ) Case No: 3:22-cv-05206-AMO |
| | ) (Hon. Araceli Martinez-Olguin) |
| Plaintiff, | ) |
| vs. | ) PLAINTIFF'S OPPOSITION TO |
| | ) MOTION FOR FINDINGS OF FACT |
| CIGNA HEALTH AND LIFE INSURANCE | ) AND CONCLUSIONS OF LAW UNDER |
| COMPANY, a Corporation, CIGNA HEALTH | ) RULE 52, AND CROSS-MOTION |
| MANAGEMENT INC., a Corporation, | ) |
| MELVIN WATSON, M.D., an Individual, and | ) Date: July 17, 2025 |
| DOE 1 through DOE 100, Inclusive, | ) Time: 2:00 p.m. |
| | ) Location: 450 Golden Gate Avenue |
| Defendants. | ) San Francisco, CA 94102 |
| | ) Courtroom 10, 19thT Floor |
| | ) |
| | ) Complaint Filed: December 9, 2021 |
| | ) |

TO THE COURT AND ALL INTERESTED PARTIES:

Plaintiff Roy J. Oneto (hereinafter, "Oneto" or "Plaintiff") submits the following

opposition to Defendant Cigna Health and Life Insurance Company's motion, on behalf of itself

and its co-defendants, for a judgment pursuant to F.R.C.P. Rule 52.

1. INTRODUCTION

CIGNA's Motion under Federal Rule of Civil Procedure 52 seeks to prematurely and

improperly terminate this case based on a fundamentally incomplete and misleading reading of

the factual record, the ERISA statute, and the controlling case law.

1

**TABLE OF CONTENTS**

2

SECTION                                                                                       PAGE

3

1. INTRODUCTION                                                                                  1

4

   MEMORANDUM OF POINTS AND AUTHORITIES                                          3

5

6

2. PLAINTIFF OBJECTS TO CIGNA'S RULE 52 MOTION:
   IT IS PROCEDURALLY AND SUBSTANTIVELY IMPROPER.                                3

7

   A.  Rule 52 Applies Only After a Trial

8

   B.  Cigna's Motion Includes Unsupported Factual Contentions                    3

9

3.  STATEMENT OF FACTS SUPPORTED BY THE RECORD & DISCOVERY                                       3

10

4.  PLAINTIFF HAS STANDING UNDER ERISA § 502(a)(3)                                               7

11

   A. Plaintiff Was an Employee & Covered at the Time of the Breach                7

12

13

   B.  Oneto Has a Colorable Claim for Surcharge                                  8

14

5.  PLAINTIFF IS ENTITLED TO EQUITABLE RELIEF UNDER § 1132(a)(3)                                 8

15

   A. CIGNA's Own Documentation Establishes Quantifiable Harm                     9

16

   B.  Ongoing Suffering Directly Attributable to Fiduciary Breach Is "Actual Harm"   10

17

6.  CIGNA BREACHED ITS FIDUCIARY DUTIES UNDER ERISA                                             11

18

19

   A. CIGNA Owed Oneto a Duty of Loyalty and Prudence                            11

20

   B. The Denial Was Based on a Flawed, Pretextual Review                         11

21

22

7.  DEMAND FOR JURY TRIAL                                                                       14

23

8.  STANDARD OF REVIEW                                                                          15

24

9.  CONCLUSION                                                                                  16

25

10.  PLAINTIFF'S CROSS-MOTION                                                                   16

26

DECLARATION OF EDWARD A. QUESADA                                                                19

27

.

i

28

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

## TABLE OF AUTHORITIES

CASES                                                                                              PAGE

Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006) ............................... 11, 12

Booton v. Lockheed Med. Benefit Plan, 110 F.3d 1461 (9th Cir. 1997) ......................... 11, 12

Chandhok v. Companion Life Ins. Co., 2011 WL 2173698 (N.D. Cal. June 2, 2011) ......... 15

Chuck v. Hewlett Packard Co., 455 F.3d 1026, 1039 (9th Cir. 2006) .................................... 8

CIGNA Corp. v. Amara, 563 U.S. 421 (2011) ................................................................ 8, 9, 14

Collier v. Lincoln Life Assurance Co. of Boston, 53 F.4th 1180 (9th Cir. 2022) ........... 15, 16

Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989) ................................................ 15

Gabriel v. Alaska Elec. Pension Fund, 773 F.3d 945 (9th Cir. 2014) ................................. 8, 9

Kearney v. Standard Ins. Co., 175 F.3d 1084 (9th Cir. 1999) ................................................. 3

Kopp v. Klein, 894 F.3d 214, 221 (5th Cir. 2018) ................................................................. 14

McCravy v. MetLife, 690 F.3d 176 (4th Cir. 2012) ........................................................... 9, 10

Moffitt v. Whiting-Turner, 2017 WL 3608243, at *8 (D. Md. Aug. 21, 2017) .................... 10

Orzechowski v. Boeing Co., 856 F.3d 686 (9th Cir. 2017) .................................................... 16

Pegram v. Herdrich, 530 U.S. 211 (2000) ............................................................................ 11

Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.,
770 F.3d 1282 (9th Cir. 2014) ................................................................................................. 8

Thomas v. Oregon Fruit Products Co., 228 F.3d 991 (9th Cir. 2000) ................................. 15

United States v. Martin, 226 F.3d 1042 (9th Cir. 2000) ......................................................... 3

Ziskind v. Spector, 2016 WL 1259399 (C.D. Cal. Mar. 30, 2016) ...................................... 10

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

ii

1

## STATUTES AND RULES

<u>Federal</u>

29 U.S.C. § 1104(a)(1)(A)–(B) ................................................................. 2

29 U.S.C. § 1132(a)(1)(B) ........................................................................ 14

29 U.S.C. § 1132(a)(3) ................................................... 2, 14, 15, 16, 17

Fed. R. Civ. P. 52 ....................................................................... 1, 2, 3, 14

Fed. R. Civ. P. 26 ................................................................................... 14

<u>State</u>

Cal. Ins. Code § 10110.6 ......................................................................... 15

Civ. L.R. 7-2(d) ......................................................................................... 3

Civ. L.R. 7-5(a) ......................................................................................... 3

iii

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

1   CIGNA wrongfully denied plaintiff Roy Oneto a medically necessary surgical procedure

2   that was covered. It now claims that its actions were lawful, justified, and immune from judicial

3   scrutiny. But the record reveals CIGNA's conflict of interest:

4       * CIGNA's EIU definition is purposefully confusing and disguised as an "exclusion";

5       * Misrepresented the procedure as "excluded" despite prior approval and payment;

6       * Ignored or misrepresented Dr. Young's clinical information;

7       * Approved the surgery falsely asserting that it was based on new clinical information;

8       * Approved the surgery after the scheduled date had passed;

9       * Violated California and federal procedural protections;

10      * And did so under circumstances that suggest a financial incentive to avoid payment.

11  The result was foreseeable and devastating: Mr. Oneto was forced to endure eight

12  months of avoidable pain and dysfunction. CIGNA breached its fiduciary duties under 29

13  U.S.C. § 1104 and Oneto seeks equitable surcharge under ERISA § 1132(a)(3).

14      Now, Cigna seeks judgment pursuant to FRCP 52 based on three erroneous propositions:

15  (1) that Plaintiff Roy Oneto lacks standing under ERISA; (2) that the relief he seeks is

16  categorically unavailable under ERISA § 1132(a)(3); and (3) that no breach of fiduciary duty

17  occurred. These arguments ignore binding precedent and the factual record.

18      The record reveals a delay in authorization of medically necessary surgery, procedural

19  irregularities in review, and an arbitrary classification of the surgery as "experimental," which

20  ultimately deprived Plaintiff of timely, covered care. This constitutes a breach of ERISA's

21  fiduciary duties of loyalty and prudence. Plaintiff's injuries – loss of benefits and opportunity to

22  receive surgery under the Plan – are concrete and traceable to CIGNA's misconduct. This Court

23  should deny CIGNA's Rule 52 motion in its entirety and permit the case to go to a jury.

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

MEMORANDUM OF POINTS AND AUTHORITIES

2. <u>PLAINTIFF OBJECTS TO CIGNA'S RULE 52 MOTION: IT IS PROCEDURALLY AND SUBSTANTIVELY IMPROPER</u>.

A. <u>Rule 52 Applies Only After a Trial</u>: FRCP 52 authorizes the court to make findings of fact after a bench trial. It is not a substitute for summary judgment or trial on stipulated facts.

Rule 52 is designed to apply when a case is decided on the merits after a bench trial, not before. United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Moreover, Rule 52(a) does not authorize the court to enter judgment without trial unless the parties have stipulated to a bench trial based on the written record. Kearney v. Standard Ins. Co., 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc). There has been no trial, and Plaintiff Roy J. Oneto has not stipulated to a bench trial. Therefore, this motion is procedurally improper and premature.

B. <u>Cigna's Motion Includes Unsupported Factual Contentions</u>: Civil Local Rules 7-2(d) and 7-5(a) require that factual contentions in a motion be supported by declaration or affidavit. CIGNA makes multiple factual assertions without an affidavit or declaration, and thus without any authentication or evidentiary support. These should be stricken.

3. <u>STATEMENT OF FACTS SUPPORTED BY THE RECORD & DISCOVERY</u>

On December 11, 2020, Oneto was an active employee of Cakebread Cellars and eligible to receive benefits under a health care service Plan established by Cakebread within the meaning of ERISA. (AR – 11 About this Plan; 21 Eligible Employees). CIGNA administered the Plan in accordance with discretionary authority delegated to it by Cakebread Cellars, which included the "discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant" or the claimant's "duly authorized representative." (AR 11).

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (628) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO    3

Oneto suffered from an esophagus condition that Vyvy Young, MD, an ENT surgeon, diagnosed as "Zenker's Diverticulum." (AR 205 – Clinical information). On October 20, 2020, Oneto underwent a laryngoscopy with carbon dioxide (CO2) laser-assited Zenker diverticulectomy. On November 12, 2020, he had a follow up visit with Dr. Young at which time he reported "his dysphagia at approximately 50% improvement." (Id.) At the time Dr. Young noted: "He has been experiencing swallowing difficulties for about two years now.") (Id.). On or about November 12, 2020, Dr. Young scheduled a "revision Zenkers's revision surgery" and requested authorization from CHMI. (AR 209). Dr. Young also gave Oneto Instructions again and "recommendations and/or reading materials on what to expect from surgery" and noted: "No further testing is necessary at this time." (AR 209). He is interested in proceeding with revision surgery. He would like to pursue this before year's end and we will try to arrange this for him. I have asked that the patient follow up at surgery. (AR 210)

CHMI did not administer the Plan. Moreover, CHMI could not approve or deny the treatment requested for Oneto. (CHMI Res to Rog 1, 25). CHMI performed utilization management (UM) services for CIGNA, which primarily involved the "coverage" issue. (CHMI Rog Res 1). CHMI "received a request from UCSF Medical Center seeking preauthorization for coverage of an esophagus procedure that was assigned the CPT Code 43499. That CPT code triggered the utilization review" (CHMI Rog Res 2). CIGNA's internal record, "note" entries by Gina, Soraida, Rosamarie, Maureen, and Donna establish that they handled and "flagged" the administrative aspect of the coverage issue, specifically, whether the surgery requested was EIU. (AR 234-239)

CHMI assigned the task of conducting a "medical review" to Dr. Melvin Watson to determine whether the revision surgery was medically necessary, including whether the surgery was considered experimental, investigational and/or unproven (EIU). (CHMI Rog Res 1, 7 &

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO   4

12). Dr. Melvin Watson was CIGNA's employee. (Watson Rog Res 1, CHMI Rog Res 1).

Wednesday, December 9, 2020

Gina entered into the record that the surgery requested "Requires clinical" (AR 252), and sent a a letter to Dr. Young indicating: "We need additional information from you to determine if the service is medically necessary." However, the letter does not specify the information that is requested. (AR 232). Gina also warns Dr. Young that "If we don't receive the requested information, or the request is not withdrawn by 1/28/2021, a coverage denial may result." (AR 233).

Emily, Dr. Young's practice coordinator, faxed the clinical information with the following alert: "**Notes:** URGENT HIGH PRIORITY REQUEST - Patient scheduled for surgery on 12/14/2020." (AR 204 - 0212).

Thursday, December 10, 2020

Emily called Rosamarie, CHMI's administrator, who confirmed receiving the "clinicals". (AR 267).

Donna's Admin Note at AR 254:

FW: 12/10/2020_BPO_Urgent - Escalated–TruCare_CA_**OP0713272040**_Zenker's repair

Friday, December 11, 2020

Emily called Maureen, another CHMI administrator, who reported: "Pending status already in High Priority for MD Review. Escalated to MD Escalation chat and advised caller will receive a notification thru (sic) fax/mail for decision". (AR 270) (Italics added).

Soraida's Notes at 8:41 AM:

"**Reason for Medical Review**: Endoscopic revision Zenker's repair for the treatment of Zenker's diverticulum is considered experimental, investigational or unproven" (AR 255).

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO     5

Friday, December 11, 2020

"**Additional Letter Guidelines from above for denial letter language**: Decision based on the prevailing standard of care" (sic) (AR 256).

"**Suggested Letter Script**: Endoscopic revision Zenker's used to treat Zenker's diverticulum is considered experimental/investigational/unproven (EIU). There are not enough current, published medical studies to show this treatment is effective or improves health outcomes for your diagnosis. As a result, the treatment is not covered by your plan." (AR 256).

**Dr. Watson denied the revision surgery based on the following reasons**:

> "We reviewed [the clinical] information from Vyvy N Young, MD, your health
> plan and any policies and guidelines needed to reach this decision. We found the
> service requested is not medically necessary in your case."

[Watson's Rationale: at 10:13 AM]

> Letter Guideline: Decision based on the prevailing standard of care (sic).
> Edoscopic revision Zenker's repair used to treat Zenker's diverticulum is
> considered experimental/investigational/unproven (EIU). There are not enough
> current, published medical studies to show this treatment is effective or improves
> health outcomes for your diagnosis. As a result, the treatment is not covered by your
> plan."] (AR 241 – Denial Letter; AR 252 Rationale).

Purportedly, Emily called Oneto and stated that Cigna had revoked its authorization.

Purportedly, Dr. Vyvy Young called Dr. Watson multiple times that Friday, but ultimately Dr. Watson's office informed Dr. Young that Dr. Watson was unavailable for the remainder of the day and through the weekend. Dr. Watson's office also informed Dr. Young that a peer-to-peer review was required to reverse the decision on coverage.

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO    6

Friday, December 11, 2020

According to CIGNA, Dr. Young requested the peer-to-peer to be scheduled for December 14, 2020 – the day Oneto was to undergo surgery.  (AR 215 – Peer to Peer).

Tuesday December 15, 2020

A day *after* the surgery was schedule to be performed, Dr. Watson has a peer-to-peer telephone conversation with Dr. Young and the following is his record of that conversation:

"Customer had procedure before and helped and was with Cigna at the time. She said she has done this for 10 years and there is volume of supporting literature which she is sending me to sent (sic) to our CP unit, based on this will approve."

(AR 217 & 271 – Peer to Peer Record).

The Record describes exactly what Dr. Watson's approval was based on, but what's missing from that record is "new information."  Yet, that same day, Dr. Watson sent a letter asserting: "After review of *the new clinical information* received in this peer to peer conversation, criteria for coverage have been met and *medical necessity* established." (AR 260-264 – Approval Letter) (Italics added).

### 4. PLAINTIFF HAS STANDING UNDER ERISA § 502(a)(3)

Contrary to Defendants' claim, Plaintiff has statutory standing under ERISA. Defendants incorrectly interpret Ninth Circuit precedent to require "ongoing participant" status at the time of suit.  But the law is clear: standing exists where a plaintiff has a colorable claim to benefits or suffered actual harm resulting from a fiduciary breach.

### A. Plaintiff Was an Employee & Covered at the Time of the Breach

Oneto was an "eligible Employee" actively in the "Service" of Cakebread Cellars when he requested the surgery.  That surgery was covered under the Plan when it was wrongfully

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

denied, including when he received the belated approval of the surgery. That is sufficient for

standing. (AR 21 – Eligible Employees, Service; 63 – Member). Spinedex Physical Therapy

USA Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282, 1290 (9th Cir. 2014), the court

held that former participants have standing where claims relate to events that occurred during

coverage.

Moreover, ERISA standing for former employees is recognized if they had coverage

during the events giving rise to the claim and present a colorable claim for benefits. Chuck v.

Hewlett Packard Co., 455 F.3d 1026, 1039 (9th Cir. 2006). That is also the case here.

### B. Oneto Has a Colorable Claim for Surcharge

Plaintiff alleges improper denial and delayed peer to peer review by CIGNA. CIGNA's

actions caused Oneto to forgo a medically necessary procedure during the Plans coverage

period, resulting in continued symptoms and requiring rescheduling under a separate plan.

The equitable remedies of surcharge and disgorgement that Oneto seeks are appropriate

in this case. Even if the remedy is labeled "monetary," a court sitting in equity may order the

plan or its fiduciary to pay an amount necessary to make Plaintiff whole if it stems from a

fiduciary breach. See CIGNA Corp. v. Amara, 563 U.S. 421, 411–422 (2011); Gabriel v. Alaska

Elec. Pension Fund, 773 F.3d 945, 955–57 (9th Cir. 2014).

### 5. PLAINTIFF IS ENTITLED TO EQUITABLE RELIEF UNDER § 1132(a)(3)

CIGNA mischaracterizes Oneto's claim as one for compensatory damages. In fact,

Oneto seeks equitable surcharge. *Amara* is the seminal case on ERISA surcharge. It recognizes

surcharge is appropriate for "a loss resulting from a trustee's breach of duty," which courts have

interpreted to include missed benefit value that the participant was entitled to receive. CIGNA

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

Corp. v. Amara, 563 U.S. 421, 442–43(2011).  In *Gabriel*, the Ninth Circuit emphasized that

equitable relief such as surcharge must be tied to actual harm, which includes "monetary loss,

opportunity costs, or a quantifiable injury resulting from fiduciary misconduct."  Gabriel

explicitly left the door open to cases with concrete monetary estimates.  Gabriel v. Alaska Elec.

Pension Fund, 773 F.3d 945 (9th Cir. 2014).   Oneto's claim is rooted in a deprivation of

promised benefits – a recognized harm.

### A. CIGNA's Own Documentation Establishes Quantifiable Harm

Here, CIGNA's own Explanation of Benefits (EOB) for Oneto's October 2020

surgery establishes the monetary value of the benefit Oneto was later denied in December 2020

($73,061.30).  Oneto never received that value when the second surgery was denied. This

creates a quantifiable benchmark for the loss — whether or not Plaintiff paid out of pocket.

Dr. Watson approved the identical procedure after it was wrongfully and wilfully denied.

Thus, the $73,061.30 figure provides a reliable and reasonable measure of Oneto's financial

harm, traceable to CIGNA's breach.  Even if Plaintiff did not pay this amount out of pocket, he

lost the benefit of a covered medical procedure due to the wrongful denial.

This is precisely the type of quantifiable harm that courts recognize in granting equitable

relief. See Amara, 563 U.S. at 443 ("[A] monetary remedy against a trustee may be called

'surcharge.'"); McCravy v. MetLife, 690 F.3d 176, 181 (4th Cir. 2012) (allowing surcharge

where plaintiff lost the benefit of insurance coverage).

As of Ocotber 2020, Oneto owed $0.00 because he had already paid his deductible in

full.  However, Oneto had to pay Blue Cross, its new health care provider $6,000 (a $3,000

deductible, plus his yearly out of pocket max) to secure the Zenker's revision surgery in August

2021 – an out of pocket expense he would not have incurred if CIGNA had paid for the surgery

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (826) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO    9

1    in December 2020.

2    **B. Ongoing Suffering Directly Attributable to Fiduciary Breach Is "Actual Harm"**

3
4    CIGNA misrepresents Gabriel when it argues that plaintiff must show "financial harm".

5    Courts have held that non-financial harm – such as loss of coverage, delay in medically

6    necessary care, or procedural violations – can support equitable relief.  McCravy v. MetLife,

7    690 F.3d 176, 181 (4th Cir. 2012) (surcharge available for loss of life insurance coverage);

8    Ziskind v. Spector, 2016 WL 1259399, at *6 (C.D. Cal. Mar. 30, 2016) (procedural ERISA

9
10   violations sufficient harm); Moffitt v. Whiting-Turner, 2017 WL 3608243, at *8 (D. Md. Aug.

11   21, 2017) (loss of legal rights under plan supports equitable relief).

12   While ERISA does not authorize recovery for emotional distress per se, courts have

13   acknowledged that suffering directly resulting from a wrongful denial of care constitutes a form

14   of actual harm under § 1132(a)(3), especially when coupled with fiduciary breaches. See

15   Ziskind v. Spector, 2016 WL 1259399, at *6 (C.D. Cal. Mar. 30, 2016); See McCravy v.

16   MetLife, 690 F.3d 176 (4th Cir. 2012); (medical suffering directly traceable to fiduciary's

17
18   **breach, supports equitable relief ).**

19   Here, Oneto was forced to endure eight months of symptoms from Zenker's

20   diverticulum, including dysphagia, difficulty swallowing, and ongoing medical risk. This

21   suffering is not speculative – it is a foreseeable result directly traceable to CIGNA's denial of a

22   surgery that was undeniably covered under the Plan.

23
24   Combined with the monetary value of the denied benefit, Plaintiff has established more

25   than enough "actual harm."  CIGNA's denial unjustly enriched the plan by avoiding payment.

26   Equitable surcharge is the appropriate remedy to disgorge that value and compensate Oneto for

27   his loss.

28

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7842
FAX (626) 594-0311
STATE BAR NO. 152910

6. <u>CIGNA BREACHED ITS FIDUCIARY DUTIES UNDER ERISA.</u>

**A. CIGNA Owed Oneto a Duty of Loyalty and Prudence.**

As the plan administrator with discretionary authority, CIGNA owed fiduciary duties to act solely in the interest of the participant, with the care, skill, and diligence of a prudent fiduciary. 29 U.S.C. § 1104(a)(1)(A)-(B). The Ninth Circuit has recognized that breach of these duties occurs where fiduciaries deny benefits based on procedural defects, conflicted reviewers, or failure to engage in good-faith evaluation of claims. See Booton v. Lockheed Med. Benefit Plan, 110 F.3d 1461 (9th Cir. 1997); Abatie v. Alta Health, 458 F.3d 955, 968-969 (9th Cir. 2006) (held Courts can weigh conflict of interest more heavily if there is evidence of procedural irregularities). CIGNA's conduct reflects procedural indifference and prioritization of cost containment over care – hallmarks of loyalty breaches. Pegram v. Herdrich, 530 U.S. 211, 224–25 (2000).

**B. <u>The Denial Was Based on a Flawed, Pretextual Review</u>.**

The Plan and his license to practice medicine required Dr. Watson to apply his medical know-how and skills, and carefully assess whether the treatment recommended by Dr. Young was medically necessary. However, his discovery responses establish that he did not conduct any medical review, but instead concurred with CHMI's administrators' interpretation of EIU and denied the surgery requested by Dr. Young based on their "findings." Specifically, Dr. Watson "noted his concurrence with the initial decision on the utilization review software." (Watson Sup Rog Res 5).

CIGNA's ongoing claim that the Zenker's revision surgery was ***excluded*** under the Plan is misleading and false. The surgery was not excluded under the Plan, if it were truly excluded CIGNA would not have paid for the surgery that he underwent in October, or ultimately

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

approved payment for the surgery scheduled for December 14, 2020.

CHMI assigned Dr. Melvin Watson the task of determining whether the revision surgery was in fact EIU and medically necessary. (CHMI Rog Res #7 & 12). As defined under Plan, <u>Doctor</u> Watson had to determine whether "existing peer-reviewed, evidence based, scientific literature" demonstrated the Zenker's revision surgery was clinically appropriate and "safe and effective for treating or diagnosing" Oneto's condition. (AR 43 – EIU; 60 – Doctor / Physician).

EIU is a limitation, not an exlusion. EIU, as defined, is a riddle that provided Doctor Watson and CIGNA ample room for an arbitrary denial of a covered service under the guise that it is "excluded."

CHMI employees pre-scripted a denial using generic language flagging the procedure as experimental/investigational/unproven" (EIU). (AR 255–256). Then Dr. Watson adopted their script verbatim. The decision to deny the surgery was made before any meaningful review of Oneto's clinical history. Moreover, there was complete failure to provide Dr. Young a fair and meaningful peer to peer review before denying Oneto's claim. CIGNA had a duty to seek out information and clarify ambiguous claims before denying them – CIGNA failed to do its duty. Booton v. Lockheed Med. Benefit Plan, 110 F.3d 1461, 1463–64 (9th Cir. 1997). What the administrative record and discovery responses demonstrate is that CIGNA's initial denial lacked procedural fairness and "a full and fair review as required by ERISA" (AR 11).

This substandard handling of Oneto's claim is similar to the violations found in Booton v. Lockheed Med. Benefit Plan, 110 F.3d 1461 (9th Cir. 1997), and Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006), where procedural failings in claims handling diminished the administrator's credibility.

Dr. Watson's actions, including his EIU determination, have undermined his credibility. Dr. Watson *did not* review or receive any "new clinical information", or "medical

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7842
FAX (626) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO  12

1    studies" or "supporting literature" from his peer-to-peer conversation with Dr. Young.   Dr.

2    Watson misleadingly and falsely tries to pass off the clinical information that Dr. Young faxed

3    to CHMI on December 9, 2020, as "new clinical information."  (Watson Res to Dem #34 - 37).

4

5           Other than the broad non-specific reference to the documents produced by

6    co-defendant, CIGNA, Dr. Watson could not describe or produce a single clause or excerpt of

7    Roy's "health plan", or any clinical information, published medical study, Medical Coverage

8    Policy, MCG (Medical Clinical Guideline), State law, or UpToDate software data which he

9    claims he relied on to deny, or to approve Roy's revision surgery. (AR 241 – Watson's Denial

10   Letter; Rog Res 18, 19, 21; Supp Rog Res 22; Res to Dem 6-8, 34-37).  The same is true with

11   regard to the phantom "new clinical information" that purportedly led him to his belated

12   approval of the surgery. (AR 260; Watson's Rog Res 19 & 22-23; Res to Dem 34-37 Re MCG

13   Guidelines and UpToDate).

14

15          Dr. Watson has also directly revealed he was not qualified to opine on whether Zenker's

16   revision was medically necessary, or EIU.  He performed a medical review that was not "within

17   the scope of his . . . license and for which this Plan [provided] coverage." (AR 60 – Doctor;

18   Watson Rog Res 12).  He further revealed as much by volunteering that "another Cigna

19   physician who was licensed in California reviewed and approved the initial denial of coverage

20   on December 11, 2020. (Watson Rog Res 11 & 12).  However, it turned out that other "Cigna

21   physician", Dr. John Granato, is deceased. (Watson's Rest to Rog 24 & Supp Rog Res 24).

22

23          Dr. Watson's medical review fell below the standard of care, and Sunil P. Verma, M.D.,

24   M.B.A. is prepared to testify that "Zenker's Diverticulum is exclusively noted in adult

25   populations and by necessity requires surgery to improve symptoms." That "there is nothing

26   experimental about endoscopic surgery for Zenker's Diverticulum", and that the surgery "was

27   first described well over 50 years ago and is the mainstay of treatment. The technique and

28

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

results of endoscopic surgery for Zenker's Diverticulum has been described time and again in countless textbooks, peer reviewed publications and even online resources." That "in fact endoscopic repair is the preferred treatment for this condition." Further, "Mr. Oneto suffered from morbidities of a persistent Zenker's Diverticulum up until his definitive surgery on August 3, 2021." Dr. Verma's report was disclosed by Plaintiff in accordance with F.R.C.P. Rule 26 and is submitted separately.

CIGNA delayed approval for Oneto's surgery, and purportedly "revoked" its authorization under false and misleading circumstances. CIGNA's denial was, in substance and effect, an abuse of discretion and a betrayal of its fiduciary duty.

### 7. DEMAND FOR JURY TRIAL

A motion under Federal Rule of Civil Procedure 52 is proper after a bench trial (or in some cases, a "trial on the papers" where the parties waive trial and submit the case on the record). The facts in this case are in dispute, and Plaintiff has not stipulated to submit on the record, and has not waived a jury trial.

Courts often resolve disputes based solely on the administrative record in ERISA benefit denial cases under §1132(a)(1)(B), and the standard of review is "abuse of discretion" or "de novo." However, this is not a "benefit denial case", so §1132(a)(1)(B) does not apply.

ERISA §1132(a)(3) fiduciary breach claims are not constrained to the administrative record. Courts permit discovery, factual development, and even testimony, as they are more like traditional trust law breach claims. Kopp v. Klein, 894 F.3d 214, 221 (5th Cir. 2018). Here, Plaintiff alleges fiduciary breach under §1132(a)(3), and seeks equitable surcharge.

The Supreme Court in CIGNA Corp. v. Amara, 563 U.S. 421 (2011), clarified that surcharge is an equitable remedy derived from the law of trusts, but it involves a monetary award against a breaching fiduciary. This opens the door to jury trial, particularly where the

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO  14

fiduciary's breach involves facts in dispute, and the remedy sought is *effectively* compensatory. Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 996 (9th Cir. 2000) ("[W]hen a plaintiff seeks legal relief, such as compensatory damages, the Seventh Amendment right to a jury trial attaches."). See also, Chandhok v. Companion Life Ins. Co., 2011 WL 2173698, at *3 (N.D. Cal. June 2, 2011) (Court permitted jury trial on claims arising under ERISA § 1132(a)(3) where the plaintiff sought "monetary surcharge for fiduciary breach.").

CIGNA's attempt to shortcut this litigation through a bench trial under Rule 52 infringes upon Plaintiff's right to a jury trial.

### 8. STANDARD OF REVIEW

Plaintiff offers the following for purposes of responding to arguments made by CIGNA here, and those Plaintiff anticipates CIGNA may make with regard to the proper standard of review in this case.

Dr. Watson does not affirmatively cite or consider any "guidelines", or any portion of the Medical Coverage Policy in his denial letter, and is being asserted for the first time by CIGNA in litigation. (Motion p. 1:17, 2:24; AR 240 -243 – Denial Letter). As such, this Court should not consider CIGNA's newly presented rationale for denying Mr. Oneto's surgery. Collier v. Lincoln Life Assurance Company of Boston, 53 F.4th. 1180 (9th Cir. November 21, 2022) (it is clear error for a district court to adopt new justifications for a denial of benefits under de novo review that were not part of the original decision-making process).

Even if the standard of review in this case is de novo: Under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), courts apply de novo review unless the Plan unambiguously grants discretionary authority. However, any such clause is void under California Insurance Code § 10110.6, which prohibits discretionary clauses in health and

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7842
FAX (626) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO  15

disability plans. See Orzechowski v. Boeing Co., 856 F.3d 686, 692–94 (9th Cir. 2017).  Since

the CIGNA Plan covers healthcare services and was issued in California, and its laws govern.

(AR 328 – Federal and State mandates).

Regardless of the standard, post hoc rationales not raised during the initial denial – such

as CIGNA's litigation-based invocation of "clinical guidelines" or the "Medical Coverage

Policy" – must be disregarded. See Collier, supra at 1185–86.

9. CONCLUSION.

CIGNA avoided having to pay for Oneto's Zenker's revision surgery based on the

pretext that it was EIU and not medically necessary, and in the process breached the fiduciary

duties it owed to Oneto.  CIGNA's wrongful claim denial permitted it to retain benefits that

rightfully should have been received by Oneto.  Therefore, Oneto seeks equitable relief

("surcharge") pursuant to 29 U.S.C. §1132(a)(3)(B).  Specifically, an amount that is equivalent

to the medical expense that Roy would have incurred if he had to pay for the surgery out-of-

pocket.  The quantifiable amount set by CIGNA itself is at least $73,061.30 (AR 118), plus

$6,000 that Oneto had to pay Blue Shield to secure the Zenker's revision surgery in August

2021 (a $3,000 deductible, plus an additional $3,000 which represented 20% of medical costs

until he met the $6,000 yearly out of pocket max).

For all the foregoing reasons, Plaintiff Roy J. Oneto respectfully requests the Court

deny CIGNA's Rule 52 motion for a judgment in its entirety.

10. PLAINTIFF'S CROSS-MOTION.

To the extent the Court construes CIGNA's motion as a dispositive motion, plaintiff Roy

J. Oneto submits that a Rule 52 is not a substitute for summary judgment under Rule 56.

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (826) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO  16

1

2

3

There has been no trial and there are numerous disputed issues of material facts,

including:

4

* Whether the Zenker's revision surgery Oneto requested was medically necessary,

5

and covered;

6

* Whether Dr. Watson reviewed Oneto's medical records in good faith, if at all;

7

* Whether that surgery was experimental, investigational, and unproven;

8

* Whether Dr. Watson's professional opinion was based on a valid medical basis;

9

10

* Whether Dr. Watson's medical review fell below the standard of care;

11

* Whether Dr. Watson, as an employee of CIGNA, had a conflict of interest;

12

* Whether CIGNA's fiduciary duties were conflicted by its interest in cost savings;

13

* Whether Dr. Young requested the peer-to-peer to be scheduled for Dec. 14th.

14

the day Oneto was to undergo surgery;

15

16

* Whether Dr. Watson's response to the peer-to-peer request was timely, and provided

17

Oneto an adequate opportunity for peer-review before the scheduled surgery;

18

* Whether Oneto suffered harm as a result.

19

* Whether CIGNA acted under a conflict of interest;

20

* Whether CIGNA's denial of the surgery was not based on any valid medical basis;

21

* Whether CIGNA breached its fiduciary duties of loyalty and prudence under

22

23

29 U.S.C. § 1104;

24

* Whether Oneto suffered actual harm as a result of CIGNAS's breach;

25

* Whether Oneto is entitled to equitable surcharge under ERISA § 1132(a)(3);

26

* Whether Oneto can recover, as surcharge, the sum of $79,061.30.

27

28

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7842
FAX (626) 594-0311
STATE BAR NO. 152910

1

2   Given the multiple issues of material facts that are in dispute, Plaintiff Oneto

3   respectfully requests the Court to deny CIGNA's Rule 52 motion in its entirety, and to set the

4   case for a jury trial.

5   Date: March 28, 2025                    LAW OFFICE OF EDWARD A. QUESDA

6

7   By: _____
        EDWARD A. QUESADA
8       Attorney at Law, APC
        For Plaintiff, Roy J. Oneto
9   //
10  //

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 478-7642
FAX (626) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO  18

## DECLARATION OF EDWARD A. QUESADA

I, EDWARD A. QUESADA, declare:

1.  I am an attorney duly licensed to practice law in the State of California, and the attorney of record for plaintiff Roy J. Oneto in the above-entitled action. I have personal knowledge of the matters stated herein, or hereby declare them based on information and belief, and if called as a witness I could and would testify competently thereto.

2.  Extracts from documents cited throughout Plaintiff's Opposition are true and accurate, including excerpts from the Administrative Record produced by CIGNA, and Discovery responses provided by Defendants Dr. Melvin Watson, M.D. and Cigna Health Management, Inc. (CHMI). The Extracts referenced here and below are being filed concurrently with this Opposition.

3.  I am informed and have reason to believe (based on Emily's and Dr. Young's communications with Mr. Oneto on Friday, December 11, 2020) Emily reported that Cigna had revoked its authorization. And, that Dr. Young tried multiple times to contact Dr. Watson via phone but could not reach him, and then was ultimately informed he was unavailable for the remainder of the day and through the weekend. And further, that a peer-to-peer review was required to reverse the decision on coverage.

4.  Plaintiff has also obtained a report from Dr. Sunil P. Verma, M.D., M.B.A., a board-certified otolaryngologist. As referenced in Plaintiff's opposition, Dr. Verma opines that endoscopic repair of Zenker's Diverticulum is not experimental or investigational and is in fact the standard of care. He further states that this procedure has been described in peer-reviewed literature and is the preferred treatment for this condition. The excerpts from Dr. Verma's report which I quote in Plaintiff's Opposition are true and accurate.

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

1        5. I make this declaration pursuant to Civil Local Rule 7-5(a) for the purpose of

2

3  authenticating documents and factual assertions in support of Plaintiff's opposition to the

4  motion.

5        I declare under penalty of perjury under the laws of the United States that the foregoing

6  is true and correct. Executed on March 28, 2025, at Glendora, California.

7

8

9                          Edward A. Quesada

10                         Attorney at Law, APC

                            For Plaintiff, Roy J. Oneto

11  //

12  //

13  //

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

PLAINTIFF'S OPPOSITION TO MOTION FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW UNDER RULE 52, AND CROSS-MOTION  Case No: 3:22-cv-05206-AMO   20