(SPACE BELOW FOR FILING STAMP ONLY)

EDWARD A. QUESADA
ATTORNEY AT LAW
A PROFESSIONAL CORPORATION
108 PINEWOOD PLACE
GLENDORA, CA 91741-3640
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910
QuesadaLawFirm@gmail.com

Attorney for Plaintiff, Roy J. Oneto,

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| ROY J. ONETO, an Individual, | Case No: 3:22-cv-05206-AMO |
| Plaintiff, | (Hon. Araceli Martinez-Olguin) |
| vs. | ATTORNEY EDWARD A. QUESADA'S DECLARATION RE THE COURT'S OSC RE SANCTIONS UNDER F.R.C.P. 11 |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Corporation, CIGNA HEALTH MANAGEMENT INC., a Corporation, MELVIN WATSON, M.D., an Individual, and DOE 1 through DOE 100, Inclusive, | Filing Deadline: 07/31/2025
Complaint Filed: December 9, 2021 |
| Defendants. | |

TO THE COURT AND ALL INTERESTED PARTIES:

Plaintiff Roy J. Oneto's attorney, Edward A. Quesada, respectfully submits the following declaration in response to the Court's Order to Show Cause why Plaintiff's attorney should not be sanctioned under F.R.C.P. Rule 11.

//

//

//

---

ATTORNEY EDWARD A. QUESADA'S DECLARATION
RE THE COURT'S OSC RE SANCTIONS UNDER F.R.C.P. 11     Case No: 3:22-cv-05206-AMO     1

## DECLARATION OF EDWARD A. QUESADA

I, EDWARD A. QUESADA, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and the attorney of record for plaintiff Roy J. Oneto in the above-entitled action. I have personal knowledge of the matters stated herein, or declare them on information and belief, and if called as a witness, I could and would testify competently thereto.

2. On July 17, 2025, this matter was called for a hearing on Defendants' motion for findings of fact and conclusions of law under F.R.C.P. Rule 52. Defendants' counsel, Scott M. Klausner, and I appeared and addressed the court.

3. Before concluding the hearing, the Court inquired about a series of cases cited at page 10 in Plaintiff's opposition. Specifically, the Court:

   a. Asked: "Did you use AI in your research Mr. Quesada?"

   b. Noted, in essence, that McCravy v. MetLife, 690 F.3d 176 (4th Cir. 2012) had a "Red Flag," and asked whether it was still good law for the proposition cited;

   c. Pointed out Ziskind v. Spector, 2016 WL 1259399, at *6 (C.D. Cal. Mar. 30, 2016) and Moffitt v. Whiting-Turner, 2017 WL 3608243, at *8 (D. Md. Aug. 21, 2017), and remarked that the Westlaw citations "looked like made-up cases" and "those cases don't exist."

   d. Issued an Order to Show Cause why I should not be sanctioned under F.R.C.P. 11.

4. Gabriel and McCravy support the proposition that equitable surcharge and unjust enrichment are remedies available to Plaintiff Oneto under ERISA § 502(a)(3) to redress CIGNA's wrongful denial of coverage in breach of its fiduciary duty. Plaintiff seeks to surcharge CIGNA the monetary amount that it belatedly approved and earmarked for the surgery, in order to prevent CIGNA's unjust enrichment. See Plaintiff's Opposition, p.10, line 25.

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

ATTORNEY EDWARD A. QUESADA'S DECLARATION
RE THE COURT'S OSC RE SANCTIONS UNDER F.R.C.P. 11    Case No: 3:22-cv-05206-AMO    2

5. McCravy was overruled on other grounds by Rose v. PSA Airlines, Inc., 80 F.4th 488 (4th Cir. 2023). While the Fourth Circuit in Rose rejected its previous position that a plaintiff could "seek make-whole, compensatory relief under section 502(a)(3)" (Id. at 503), it nonetheless held that monetary relief "to strip away defendant's unjust gains" qualifies as equitable relief. Id at 504, citing Montanile v. Bd. of Trs., 577 U.S. 136, 144-45 (2016). The court concluded: "§502 (a)(3) authorizes Rose to seek 'equitable relief.' And, while monetary relief awarded to compensate for a plaintiff's loss does not qualify as 'equitable' under the Supreme Court's test, relief awarded under an unjust-enrichment theory may indeed qualify" (Rose at 505).

6. With respect to Ziskind and Moffit, after the hearing, I logged into Fastcase and, to my dismay, found that searches for those cases returned "No search results found." As the Court correctly noted, these cases apparently do not exist. In addition, I must disclose to the court that Chandhok v. Companion Life Ins. Co., 2011 WL 2173698 (N.D. Cal. June 2, 2011) – which I cited at p. 15, L 5 – also should not have been included in the opposition.

7. I did not use AI to access or generate any of the cases I cited. I do not trust AI for legal research. Instead, I've relied on online legal research services, mostly Jurisearch, LexisNexis (on a free trial basis), Justia, and Fastcase, which I access through my membership with the California Lawyers Association (CLA).

8. As is my regular practice, I downloaded and Shepardized the published cases I cited. I annotated the opinions I read, and saved extracts I wanted to cite (including citation strings, taglines and summaries) in separate files organized by legal issue, for example, ERISA standing, breach of fiduciary duty, and monetary relief by way of surcharge and unjust enrichment.

//

//

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

ATTORNEY EDWARD A. QUESADA'S DECLARATION
RE THE COURT'S OSC RE SANCTIONS UNDER F.R.C.P. 11      Case No: 3:22-cv-05206-AMO    3

9. Also, when I prepare documents on my PC (using WordPerfect), I habitually have multiple windows and browser tabs open, including Google, which I used to search general legal terms like "surcharge" and "unjust enrichment." At the time, I did not know that Google had an AI feature, or that AI could possibly include unsolicited citations in response to such questions.

10. I became aware of that possibility only after the hearing, when my son asked how it went and I mentioned the Court's question concerning AI. After some back and forth – during which I repeatedly insisted that I had not used AI – he suggested that I may have unknowingly "copied and pasted material from an AI overview" that I found through Google or other "open browser tab".

11. I still do not know the source of the Westlaw district court citations. When I copied and pasted citations into the opposition, I believed I was transferring only published cases I had organized on my PC – cases from Fastcase. When the Court brought up the district court cases, it caught me by surprise. Upon revisiting my file and the opposition, I recalled that I had intended to delete those cases, primarily because I had not read them. It is not my practice to cite district court cases, even though I understand it is appropriate to cite them when the legal issue is unsettled, and the opinion is persuasive and supported by published appellate authority.

12. Indeed, all the remaining citations in plaintiff's opposition are to published appellate and U.S. Supreme Court cases. I make every effort to provide the Court with the most authoritative support for my arguments, consistent with my duty to advocate in my client's best interest. Again, I intended to remove the district court cases, but in the rush to file the opposition I failed to do so. Plaintiff's opposition was due on March 28, 2025, and I filed it that evening at 9:18 p.m. This is not offered as an excuse for my error, but as context for how the time constraints contributed to my failure to remove the erroneous citations.

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

ATTORNEY EDWARD A. QUESADA'S DECLARATION
RE THE COURT'S OSC RE SANCTIONS UNDER F.R.C.P. 11     Case No: 3:22-cv-05206-AMO    4

13. In my 34 years of practice, this has never happened to me. When I accessed Google I believed I was conducting a standard Google search, like any other. Google's AI feature is a recent technology that I was unaware of, and the cases it or other AI application generated genuinely stunned me in this instance. This experience will make me significantly more vigilant for any content that may unintentionally materialize in documents I submit to the court.

14. It pains me that I submitted an opposition containing nonexistent citations, and that my mistake diverted the Court's attention from the core authorities – such as Gabriel and McCravy – which support the equitable monetary relief Plaintiff Oneto seeks and that is available under §502(a)(3).

15. I acknowledge my duty to provide the Court with cases that have binding precedential authority. I strive to do that, but I faltered. I sincerely apologize for imposing on the Court the additional burden of verifying citations that should have been properly vetted.

16. I affirm that I did not cite the unpublished cases in question with any intent to mislead the Court or for any improper purpose. I submitted the opposition in the good faith belief that all cited authorities reflected valid, binding precedent. I respectfully submit that Plaintiff Oneto's legal contentions, those supported by published appellate and Supreme Court opinions, are warranted by existing law. Accordingly, I respectfully submit that good cause exists for the court to refrain from sanctioning me under F.R.C.P. Rule 11.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 29, 2025, at Glendora, California.

*Edward Quesada*

Edward A. Quesada
Attorney at Law, APC
For Plaintiff, Roy J. Oneto

//

EDWARD A. QUESADA
ATTORNEY AT LAW, APC
108 PINEWOOD PLACE
GLENDORA CA 91741
TEL. (818) 476-7642
FAX (626) 594-0311
STATE BAR NO. 152910

ATTORNEY EDWARD A. QUESADA'S DECLARATION
RE THE COURT'S OSC RE SANCTIONS UNDER F.R.C.P. 11     Case No: 3:22-cv-05206-AMO   5