UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY J. ONETO,<br><br>    Plaintiff,<br><br>v.<br><br>MELVIN WATSON, et al.,<br><br>    Defendants. | Case No. 22-cv-05206-AMO<br><br>**ORDER SANCTIONING PLAINTIFF'S COUNSEL, EDWARD A. QUESADA**<br><br>Re: Dkt. Nos. 90, 91 |

On July 17, 2025, during the hearing on the parties' cross-motions for judgment under Federal Rule of Civil Procedure 52, the Court ordered Plaintiff's counsel, Edward, A. Quesada, to show cause why sanctions or other appropriate disciplinary action should not issue for his inclusion of nonexistent and erroneous case citations in Plaintiff's brief at Dkt. No. 79. *See* Dkt. No. 90 (hearing minutes). On July 30, 2025, Quesada filed his response to the Court's order to show cause. Dkt. No. 91. For the reasons explained below, the Court imposes sanctions against Quesada pursuant to Federal Rule of Civil Procedure 11(b).

**I.  DISCUSSION**

    **A.  Legal Standards**

Federal Rule of Civil Procedure 11(b) provides in part that, in presenting to a court a written and signed pleading, motion, or other paper, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Under Rule 11(b), an attorney who signs a legal document certifies that they have "read the document, [] conducted a reasonable inquiry into the facts and

the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542, (1991); *see also Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) ("At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely." (citation omitted)). Rule 11(b) thus imposes on counsel an affirmative duty to investigate the caselaw they cite before submitting a court filing. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987).

Courts apply an objective test in assessing whether Rule 11(b) has been violated. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829-32 (9th Cir. 1986), abrogated on other grounds, 496 U.S. 384 (1990)). "A violation of the rule does not require subjective bad faith." *Id.* (citing *Zaldivar*, 780 F.2d at 829-32). If a court determines that Rule 11(b) has been violated, it "may impose an appropriate sanction on [the] attorney . . . responsible for the violation." Fed. R. Civ. P. 11(c)(1).

In addition to Rule 11's obligations, Rule 3.1 of the Rules of Professional Conduct of the State Bar of California provides that a lawyer shall not "present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law." Cal. R. Prof. Conduct 3.1(a)(2). Moreover, Rule 3.3 requires candor to the tribunal. That rule specifically provides that a lawyer shall not "knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

Finally, this Court's Standing Order for Civil Cases provides in significant part,

> Artificial Intelligence (AI). Counsel is responsible for providing the Court with complete and accurate representations in any submission (including filings, demonstratives, evidence, or oral argument), consistent with Federal Rule of Civil Procedure 11, the California Rules of Professional Conduct, and any other applicable legal or ethical guidance. Use of ChatGPT or other such tools is not prohibited, but counsel must at all times personally confirm for themselves the accuracy of any content generated by these tools. At all times, counsel – and specifically designated lead trial counsel – bears responsibility for any submission made by the party that the attorney represents. Any submission containing AI-generated content must include a certification that lead trial counsel has personally verified the content's accuracy. Failure to include this

> certification or comply with this verification requirement will be grounds for sanctions. Counsel is responsible for maintaining records of all prompts or inquiries submitted to any generative AI tools in the event those records become relevant at any point.

Civil Standing Order, Hon. Martínez-Olguín § H.4.

### B. Citations to Fictitious Cases

"To start with the obvious, an attorney who submits fake cases clearly has not *read* those nonexistent cases." *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 343 (E.D.N.Y. 2025) (emphasis in original). Without reading the legal authorities upon which he relied, Quesada could not have ensured "that the arguments made based on those authorities are 'warranted by existing law,' or otherwise 'legally tenable.' " *Park*, 91 F.4th at 615 (citations omitted); *see also Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) ("A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law."). Quesada's submission of citations to nonexistent cases, on its own, constitutes a violation of FRCP 11(b). *See e.g.*, *Mavy v. Comm'r of Soc. Sec. Admin.*, No. 2:25-cv-00689-PHX-KML, 2025 WL 2355222, at *6 (D. Ariz. Aug. 14, 2025) ("By repeatedly citing this Court to non-existent 'cases' . . . , Counsel failed to conduct any review whatsoever that those cases were valid or that the arguments she was making were legally tenable."); *Allen v. Mercedes-Benz USA, LLC*, No. 2:25-cv-01222-DJC-JDP, 2025 WL 1744451, at *3 (E.D. Cal. June 24, 2025) ("By providing fabricated quotations in the Reply and the Response, the Court finds that [counsel] violated FRCP 11 because he did not act reasonably under the circumstances to ensure that the legal contentions in his brief were accurately representing existing law."); *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025) ("Because there is no dispute that Respondents cited fake cases in a signed motion, Respondents' conduct violates Rule 11(b)(2).").

Here, Quesada's erroneous citations make clear that he submitted Plaintiff's brief to the Court without conducting a reasonable inquiry into the validity of the legal authorities cited because he otherwise would have recognized that the cases cited did not exist. In his response to the Court's order to show cause, Quesada acknowledged that the two cases highlighted by the Court apparently do not exist. Quesada Decl. ¶¶ 3, 6; *see also* Dkt. No. 79 at 13 (citing *Ziskind v.*

3

1  *Spector* and *Moffitt v. Whiting-Turner*, with non-existent Westlaw citations not repeated here to
2  avoid further fictitious citation). Quesada further acknowledged that he cited in his brief another
3  fake case that the Court had not called out. Quesada Decl. ¶ 6; *see also* Dkt. No. 79 at 18 (citing
4  *Chandhok v. Companion Life Ins. Co.*, with non-existent Westlaw citation not repeated here).
5  Quesada states that he normally downloads and Shepardizes "published" cases cited within his
6  briefs, effectively conceding that he made no effort to review the unpublished cases included
7  within his brief. Quesada Decl. ¶ 8. He states further that he "may have unknowingly 'copied and
8  pasted material from an AI overview' that [he] found through Google or other 'open browser
9  tab,' " *id.* ¶ 10, though he intended to "intended to delete those cases, primarily because [he] had
10 not read them," *id.* ¶ 11. Quesada nonetheless signed and filed Plaintiff's brief, falsely certifying
11 that he had conducted a "reasonable inquiry into the facts and the law," *Bus. Guides, Inc.*, 498
12 U.S. at 551, and that the filing's "legal contentions" were "warranted by existing law or by a
13 nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new
14 law," Fed. R. Civ. P. 11(b)(2). By including such unchecked authorities in his submission,
15 Quesada violated Rule 11. Further, Quesada's submission of fictitious cases to the Court not only
16 violated Rule 11, it " 'degrade[d] or impugn[ed] the integrity of the Court' " and it also violated
17 California Rules of Professional Conduct 3.1(a)(2), 3.3(a)(1), and 3.3(a)(2). *See United States v.*
18 *Hayes*, 763 F. Supp. 3d 1054, 1064 (E.D. Cal. 2025) (noting that the submission of fictitious legal
19 authority violates rules of professional conduct).
20     To be clear, the Court does not prohibit or oppose the use of artificial intelligence in legal
21 advocacy. The Court's Civil Standing Order, excerpted above, makes clear that AI tools may be
22 utilized so long as counsel acknowledges the use of such tools and certifies they have
23 independently verified the accuracy of AI-generated content. Quesada did not so certify here,
24 apparently because he did not knowingly rely on generative AI in the preparation of his briefs.
25 Quesada Decl. ¶ 7; *see also id.* ¶¶ 9-10 (recounting post-hearing conversation with his son in
26 which he first learned of Google's AI feature). Quesada's failure to recognize the use of AI in the
27 preparation of his papers not only falls short of his obligations as described above, it further
28

1  suggests a failure to keep abreast of changes in relevant technology as required by Rule 1.1 of the

2  California Rules of Professional Conduct on attorney competence.  *See also id.*, comment 1.

### C. Sanctions Against Quesada

Where a court finds an attorney violated Rule 11(b), it "may impose an appropriate sanction" after the court has provided that attorney "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1).  "[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue." *Pac. Harbor Cap., Inc., v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).  Sanctions for violation of Rule 11(b) may be imposed via motion or on a court's own initiative.  Fed. R. Civ. P. 11(c)(2)-(3).  "[U]nlike the situation in which an opposing party moves for Rule 11 sanctions – there is no 'safe harbor' in the Rule allowing lawyers to correct or withdraw their challenged filings" when a court considers issuing sanctions sua sponte.  *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001) (citation omitted).  In light of this distinction, sanctions issued sua sponte under Rule 11 "will ordinarily be imposed only in situations that are *akin to a contempt of court*." *Id.* at 1116 (emphasis in original, citation omitted).  "The district court has wide discretion in determining the appropriate sanction for a Rule 11 violation." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987).  "Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *Wadsworth*, 348 F.R.D. at 496-97 (quoting *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990)).

Here, the Court provided Quesada with notice and an opportunity to be heard on why sanctions or other appropriate disciplinary action should not issue for his use of nonexistent and erroneous citations in Plaintiff's motion for reconsideration.  *See* Dkt. No. 90.  In his response, Quesada declared that he "did not use AI to access or generate any of the cases [he] cited." Quesada Decl. ¶ 7.  Quesada described that he "downloaded and Shepherdized the published cases [he] cited." *Id.* ¶ 8.  He stated further that, at the time of briefing, he "did not know that Google had an AI feature," but that a discussion with his son suggested that he "may have unknowingly

5

1   'copied and pasted material from an AI overview' that [he] found through Google or other 'open
2   browser tab.' " *Id.* ¶¶ 9-10.  Quesada declared that he intended to delete the citations to district
3   court authority prior to submitting the brief but ran out of time, and that he submitted the brief
4   with a subjective, good-faith belief that the cases cited reflected binding precedent.  *Id.* ¶¶ 12, 16.
5   As Quesada acknowledges in his declaration, he "faltered" in his responsibilities to the Court.  *Id.*
6   ¶ 15.  The Court cannot ignore Quesada's concession that the only potential source identified for
7   the fictitious cases is Google's AI Overview.

8   Nonetheless, it is of no consequence whether Quesada used AI to draft the brief because
9   "[c]iting nonexistent case law or misrepresenting the holdings of a case is making a false
10  statement to a court," regardless of whether generative AI suggested the content.  *United States v.*
11  *Hayes*, 763 F. Supp. 3d 1054, 1067 (E.D. Cal. 2025), reconsideration denied, No. 2:24-CR-0280-
12  DJC, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025) (citation omitted).  "Courts across the country
13  have issued sanctions against attorneys . . . for submitting fictitious case citations, fictitious
14  quotations, and related misrepresentations to the court."  *Hayes*, 763 F. Supp. 3d at 1071.  Such
15  sanctions may include (1) monetary sanctions, (2) striking the filing containing erroneous
16  citations, (3) requiring written notification to the client, (4) requiring written notification to judges
17  incorrectly identified as having authored nonexistent cases, and (5) referring attorneys to the
18  appropriate disciplinary body for disciplinary proceedings.  *See e.g.*, *Benjamin*, 779 F. Supp. 3d at
19  351 (requiring an attorney to pay a $1,000 fine to the court and serve a copy of the court's sanction
20  order on their client); *Wadsworth*, 348 F.R.D. at 499 (imposing a $3,000 fine on an attorney who
21  drafted a brief with nonexistent cases and a $1,000 fine for other attorneys who signed, but did not
22  draft, the brief); *Gauthier v. Goodyear Tire & Rubber Co.*, No. 1:23-cv-00281, 2024 WL
23  4882651, at *3 (E.D. Tex. Nov. 25, 2024) (imposing a $2,000 fine on an attorney for submitting a
24  brief with citations generated by artificial intelligence, ordering the attorney to attend continuing
25  legal education courses, and requiring the attorney to serve a copy of the court's sanction order on
26  their client); *Mata*, 678 F. Supp. 3d at 449, 466 (imposing a $5,000 fine on attorneys who
27  submitted a brief with citations to fake cases and "doubled down" when confronted); *Allen*, 2025
28  WL 1744451, at *3 (referring violations of Rule 11 and a local rule to the State Bar of California

6

"for whatever proceedings the State Bar deems appropriate"); *Avendano v. Sec. Consultants Grp.*, No. 3:13-cv-00168-HDM, 2014 WL 6773027, at *12 (D. Nev. Dec. 2, 2014) (sanctioning attorney for knowingly making misrepresentations to the court and referring sanctions order to disciplinary counsel of the attorney's state bar).

The Court recognizes that "any sanction imposed must be proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989); *see also* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). With this requirement in mind, and having carefully considered Quesada's conduct, as well as sanctions imposed by other courts for similar conduct, the Court concludes that the following sanctions are appropriate: (1) a $1,000 monetary sanction against Quesada personally, payable to the Clerk of Court; (2) a requirement that Quesada serve a copy of this order on his client; (3) a requirement that Quesada participate in a Continuing Legal Education course of at least one hour regarding the ethical use of artificial intelligence in the practice of law; and (4) a directive to the Clerk of the Court to serve a copy of this order on the State Bar of California, of which Quesada is a member. The Court finds that these sanctions are proportionate to Quesada's conduct and will serve as an effective deterrent to him, as well as other members of the Bar.

## II. CONCLUSION

For the reasons stated above, the Court ORDERS the following sanctions for violation of Federal Rule of Civil Procedure 11(b), violation of counsel's ethical duties, and violation of the Court's standing order:

1. Attorney Edward Quesada is personally sanctioned in the amount of $1,000. Within 21 days of the date of this order, Quesada shall pay this sanction to the Clerk of the Court. The case number and a copy of this order should be included with payment.

2. Within seven (7) days of the date of this order, Quesada shall serve a copy of this order on Plaintiff.

3. Within 60 days of the date of this order, Quesada shall file on the docket a declaration identifying and certifying his participation in a Continuing Legal Education course of at least one hour regarding the ethical use of artificial intelligence in the practice of law.

4. The Court orders the Clerk of the Court to serve a copy of this order on the State Bar of California.

5. The order to show cause issued on July 17, 2025 (Dkt. No. 90) is hereby discharged.

**IT IS SO ORDERED.**

Dated: October 10, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**