UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY J. ONETO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MELVIN WATSON, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-05206-AMO<br><br>**ORDER RE CROSS MOTIONS FOR JUDGMENT**<br><br>Re: Dkt. Nos. 77, 79 |

This is an Employee Retirement Income Security Act of 1974 ("ERISA") case brought against Defendants Cigna Health and Life Insurance Company, Cigna Health Management, Inc. (together "Defendants" or "Cigna"), and Melvin Watson, M.D., related to a denial of health insurance coverage.[1]  The parties' cross motions for judgment were heard before this Court on July 17, 2025.  Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court **GRANTS** Defendants' motion for judgment and **DENIES** Plaintiff's motion for judgment for the following reasons.[2]

**I.     BACKGROUND**

Plaintiff Roy Oneto is a former employee of non-party Cakebread Cellars, Inc.  During his employment at Cakebread Cellars, he participated in the company's self-funded employee welfare benefit plan (the "Plan").  *See* Administrative Record (Dkt. No. 88, "AR") at 1-74.  Cigna

---

[1] The Court earlier dismissed all claims against Dr. Watson.  Dkt. No. 58.

[2] At the hearing on the parties' motion, the Court ordered counsel for Oneto, Edward A. Quesada, to show cause why sanctions should not issue for the inclusion of non-existent case cites in his papers.  *See* Dkt. No. 90.  The Court issues a separate order regarding sanctions this same day.

administered medical benefits for the Plan.  AR at 11, 21.  The Plan expressly delegates to Cigna "the discretionary authority to interpret and apply Plan terms and to make factual determinations in connection with its review of claims under the Plan" including the "discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant."  AR at 11.  The Plan excludes coverage for "experimental, investigational, and unproven" ("EIU") procedures.  AR at 43.

In October 2020, Oneto underwent an initial surgery to address a condition known as a Zenker's Diverticulum – a small pouch in the throat caused by a herniation of the esophageal muscles, but Oneto continued to experience dysphagia (difficulty swallowing) after the procedure.  AR at 205-11.  In November 2020, Oneto's physician, Dr. Vyvy Young, confirmed that a portion of the diverticulum (or pouch) remained, prompting Oneto to consider further surgery to improve his swallowing.  AR at 209.

Oneto was scheduled to have surgery on December 14, 2020.  AR at 205-11, 232.  On December 9, 2020, a representative from UCSF Medical Center called Cigna to request prior authorization for Oneto's surgery planned for December 14, 2025.  AR at 258.  On December 11, 2020, Cigna's Medical Director, Melvin Watson, M.D., completed his review and, applying Cigna's coverage guidelines, determined that the proposed procedure was not covered by the Plan because it met the Plan's EIU criteria.  AR at 251-55, 310-11, 329, 337, 363.  Dr. Watson accordingly denied the request for coverage, and Cigna sent a letter notifying Oneto and UCSF of the decision, explaining the basis for denial.  AR at 240-46.

Dr. Young's staff at UCSF contacted Cigna to request a peer-to-peer discussion – a process in Cigna's claims review that allows a treating provider to speak directly with a Cigna Medical Director to discuss details of a case, clarify issues, and resolve questions relevant to the coverage determination.  AR at 213, 254.  The two doctors were unable to speak until Tuesday, December 15, 2020, but when they finally conferred, Dr. Young provided additional details about Oneto's case and shared her perspective on the procedure's safety and efficacy.  AR at 217, 271.  After the peer-to-peer discussion, Dr. Watson reconsidered the initial denial, approved the surgery, and on

2

1    the same day, Tuesday, December 15, 2020, issued a letter notifying both Dr. Young and Oneto of

2    the approval decision.  AR at 217, 252-54.

3          Oneto alleges in the operative First Amended Complaint ("FAC") that he did not proceed

4    with the surgery because coverage had not been assured prior to December 14, 2024.  FAC (Dkt.

5    No. 47) ¶ 39.  He ultimately underwent surgery to repair his Zenker's Diverticulum in August

6    2021, after obtaining medical coverage through a different employer.  FAC ¶ 40.

7          This case was removed from state court on September 12, 2022.  Dkt. No. 1.  Following

8    some procedural machinations, Oneto filed the FAC on January 12, 2024.  Dkt. No. 47.  The FAC

9    listed the following causes of action:

- (1) Breach of fiduciary duties against Cigna & CHMI (29 U.S.C. § 1104);
- (2) Failure to discharge duties under the plan against Cigna & CHMI (29 U.S.C. § 1104);
- (3) Non-fiduciary violations against Cigna, CHMI, and Dr. Watson (Cal. Health & Safety Codes); and
- (4) Medical negligence against Dr. Watson.

*Id.*  The Court dismissed the third and fourth causes of action as preempted by ERISA.  Dkt. No. 58.  Defendants answered the first and second causes of action, Dkt. No. 59, leaving them as the only two causes of action at issue at this stage of the case.

## II.  DISCUSSION

Through the first two causes of action, Oneto seeks to recover for the initial denial of coverage for the December 2020 surgery.  The parties filed cross motions for judgment on the two remaining claims, but they dispute the proper Federal Rule of Procedure under which their motions should be resolved – Rule 52 or Rule 56.  The Court addresses this issue at the outset to determine the proper standard of review in this ERISA case.  Then, the Court considers Defendants' standing challenge to Oneto's ability to recover on either of his remaining causes of action.  Because it finds Oneto lacks standing, the Court does not address the parties' other arguments.

3

**A.      Standard of Review**

When a fiduciary or plan administrator denies benefits under an ERISA plan, a district court must review that denial de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "That means the default is that the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision." *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999) (en banc). The proper manner to evaluate an ERISA claim under this de novo standard of review is "a bench trial on the record" pursuant to Rule 52, which permits the district court to evaluate evidence and make credibility determinations. *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 996 (9th Cir. 2000) (citing *Kearney*, 175 F.3d at 1095 & n.4.)). On the other hand, where an ERISA plan grants discretion to the plan administrator, the Court will review the decision to deny benefits for abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006) (en banc). The Ninth Circuit has held that "where the abuse of discretion standard applies in an ERISA benefits denial case, 'a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply.' " *Nolan v. Heald Coll.*, 551 F.3d 1148, 1154 (9th Cir. 2009) (citation omitted). An abuse of discretion review is limited to the administrative record. *Abatie*, 458 F.3d at 970; *see also Kearney*, 175 F.3d at 1090-91 (holding that the standard of review informs the amount of evidence that a district court may consider).

Here, Oneto argues that Rule 52 only applies after a bench trial and thus cannot apply to this case in this posture. *See* Oneto Cross Mot. at 3 (Dkt. No. 79 at 6). He insists that the Court must instead consider the parties' competing motions for judgment under Rule 56. Oneto Reply at 3-4 (Dkt. No. 81 at 6-7). Oneto's argument ignores the standards of review required under Ninth Circuit ERISA precedent described above.

Oneto concedes that "CIGNA administered the Plan in accordance with discretionary authority delegated to it by Cakebread Cellars[.]" Oneto Cross Mot. at 3 (Dkt. No. 79 at 6). Indeed, the Plan reads in relevant part:

> Discretionary Authority
> The Plan Administrator delegates to Cigna the discretionary authority to interpret and apply Plan terms and to make factual determinations in connection with its review of claims under the Plan. Such discretionary authority is intended to include, but is not limited to, determination of whether a person is entitled to benefits under the Plan and computation of any and all benefit payments. The Plan Administrator also delegates to Cigna the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or claimants duly authorized representative.

AR at 11 (Dkt. No. 88 at 14) (defining "plan administrator" as "employer"; here, Cakebread Cellars). The Court finds that this portion of the plan expressly delegates discretion to Defendants. Oneto does not resist this portion of the record and focuses instead on traditional principles of summary judgment that, as discussed above, do not apply in the ERISA context. *See Nolan*, 551 F.3d at 1154. Oneto's arguments regarding the appropriate standard of review and the scope of evidence that should be considered ultimately fail considering Ninth Circuit authority. Accordingly, the standard of review is for abuse of discretion, and the Court's review is limited to the administrative record. *Abatie*, 458 F.3d at 967, 970.

**B.     Cigna's Challenge to Standing**

Cigna argues that it should prevail on several grounds, but Cigna's challenge to Oneto's entitlement to relief under ERISA represents a threshold issue because it implicates this Court's authority to grant any relief to Oneto. *See* Cigna Cross Mot. (Dkt. No. 77) at 8-11. A plaintiff seeking relief in federal court bears the burden of establishing "the irreducible constitutional minimum" of standing at every stage of the case. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). First, the plaintiff must have "suffered an injury in fact." *Id.* This requires "an invasion of a legally protected interest" that is concrete, particularized, and actual or imminent, rather than conjectural or hypothetical. *Lujan*, 504 U.S. at 560 (quotation omitted). Second, the plaintiff's injury must be "fairly traceable

to the challenged conduct of the defendant." *Spokeo*, 578 U.S. at 338. Third, the injury must be "likely to be redressed by a favorable judicial decision." *Id.* (citing Lujan, 504 U.S. at 560-61).

At this stage, it is the third element that requires particular attention because it is unclear whether the injury claimed by Oneto is redressable as a matter of law. Cigna argues in part that Oneto's requested relief is unavailable in this case. *See* Cigna Cross Mot. (Dkt. No. 77) at 8-11. Oneto pursues seeks equitable surcharge pursuant to Title 29 U.S.C. § 1132(a)(3)(B). *See* FAC, Prayer (Dkt. No. 47 at 21). The Ninth Circuit has recognized that potentially appropriate equitable relief under Section 1132(a)(3)(B) includes "surcharge," that is, "monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 957 (9th Cir. 2014) (internal quotation marks and citation omitted); *see also CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011) (describing surcharge as an "award of make-whole relief").

Here, Oneto's claims for surcharge focus only on Cigna's purported breach of duty. Oneto seeks to recover as compensatory surcharge the full value of the benefit initially denied by Cigna – $73,061.30 for the value of the surgery he did not receive as a result of Cigna's purported malfeasance. *See, e.g.*, Oneto Cross Mot. (Dkt. No. 79) at 9. However, the administrative record before the Court does not reveal that Oneto paid this amount. Indeed, Oneto did not pay for the eventual procedure, and he alleges that his subsequent employer covered the cost of the surgery. *See* FAC ¶ 40. Therefore, even if Oneto established that Cigna breached a duty owed, the Court cannot grant the "make-whole" relief requested because there exists no evidence of loss that resulted from a purported breach.

Oneto resists this conclusion, arguing that he is entitled to relief under two alternative calculations. First, he argues that he should at least recover $6,000, the amount he paid for the surgery under his subsequent insurer, an amount he would not have had to pay had the procedure gone forward in late 2020. *See* Oneto Cross Mot. (Dkt. No. 79) at 9 (reaching $6,000 based on payment of a $3,000 deductible plus a $3,000 yearly out-of-pocket maximum). However, there is no evidence of these payments before the Court, as the Court can only consider the administrative record. *Cf. Abatie*, 458 F.3d at 970 (limiting review to the administrative record under the abuse

6

of discretion standard in the ERISA context). Second, Oneto argues that he should recover for his non-financial harm in the form of physical suffering endured in the eight months between Cigna's denial and his eventual surgery. *See* Oneto Cross Mot. (Dkt. No. 79) at 10.[3] On this point, too, the Court has no evidence in front of it regarding that harm given the limitation of review to the administrative record. *Abatie*, 458 F.3d at 970. Thus, the Court has no basis for awarding the make-whole relief Oneto seeks under either theory. Because Oneto cannot be awarded equitable surcharge on the record before the Court, his harms are not redressable by a favorable ruling. Consequently, he lacks standing and he cannot invoke the Court's jurisdiction. *Spokeo*, 578 U.S. at 338.

### III.  CONCLUSION

For the foregoing reasons, the Court must dismiss Oneto's remaining ERISA claims. The Court **GRANTS** Cigna's motion for judgment and **DENIES** Oneto's motion for judgment.

**IT IS SO ORDERED.**

Dated: October 10, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[3] Problematically, Oneto fails to cite any authority in support of this premise – he cites *Ziskind v. Spector*, a case that does not exist and for which Oneto's counsel faces sanctions in an accompanying order.